ALD-260                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1569
_____

UNITED STATES OF AMERICA

v.

GREGORY J. PODLUCKY,
                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Nos. 2:09-cr-000278-001, 2:09-cr-000279-001,
and 2:11-cr-00037-001)
District Judge:  Honorable Alan N. Bloch
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 25, 2017

Before: MCKEE, JORDAN and RESTREPO, Circuit Judges

(Opinion filed: June 7, 2017)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In October 2011, after he pleaded guilty to tax evasion and other federal crimes, Gregory J. Podlucky was sentenced to 20 years of imprisonment. In February 2017, Podlucky filed a motion arguing that he never received a downward adjustment under U.S.S.G. § 3E1.1(a) ("If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels."). The premise of the motion was factually false. Cf. DC Crim. No. 2:09-cr-000278-001, ECF 36 at ¶¶ 6, 32, 55-59 (Final PSI Report); ECF 43 (order adopting the PSI except as to loss amount). And the motion was otherwise without merit because Podlucky's plea agreement capped his maximum sentencing exposure well below any potentially applicable Guidelines range. See ECF 44 at 7 (Podlucky: "the advisory range should not be considered (because of the 20 year cap)"). Essentially for those reasons, the District Court denied Podlucky's motion. This appeal followed. We will summarily affirm the order of the District Court because Podlucky's motion was procedurally improper and the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.[1]

---

[1] A motion under 28 U.S.C. § 2255 is the exclusive means to collaterally attack a federal conviction or sentence. Podlucky, as part of his plea agreement, waived his right to file either a direct appeal or a motion under § 2255. Podlucky's past efforts to do what his plea agreement says he may not all have failed. See, e.g., CA No. 15-1501 (order entered Aug. 14, 2015); CA Nos. 11-4087, 11-4088 & 11-4089 (order entered May 24, 2012). Here, the District Court was without authority to entertain the merits of Podlucky's motion to alter his sentence not just because of the collateral attack waiver, but also because of the restrictions on successive § 2255 motions. See 28 U.S.C. § 2255(h).